**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| ABE S. TROYER, | ) | CASE NO. 5:14-CV-00815 |
| | ) | |
| Plaintiff, | ) | JUDGE WELLS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | VECCHIARELLI |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner | ) | |
| of Social Security, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | | |

Plaintiff, Abe S. Troyer ("Plaintiff"), challenges the final decision of Defendant, Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner"), denying his application for Retirement Insurance Benefits (RIB) under Section 202(a) of the Social Security Act (the "Act"). This case is before the undersigned United States Magistrate Judge pursuant to an automatic referral under Local Rule 72.2(b) for a Report and Recommendation. For the reasons set forth below, the Magistrate Judge recommends that the Commissioner's final decision be AFFIRMED.

## I. BACKGROUND

Plaintiff was born in September 1942. (Transcript ("Tr.") 45.) From 1964 through 1997, Plaintiff worked and earned 93 quarters of coverage for purposes of satisfying the requirements of the Act. (Tr. 17, 46.)

On January 14, 1998, Plaintiff completed Form 4029 "Application for Exemption from Social Security and Medicare Taxes and Waiver of Benefits" ("Form 4029," the "Form," the "exemption/waiver," or the "application"). (Tr. 17.) The Form 4029 Plaintiff signed stated, in part:

> I certify that I am and continuously have been a member of Amish Church Barrs Mills Northwest since 10-3-64 and as a follower of the established teachings of that group, I am conscientiously opposed to accepting benefits of any private or public insurance that makes payments in the event of death, disability, old age, or retirement; or makes payments for the cost of medical care; or provides services for medical care. Public insurance includes any insurance system established by the Social Security Act.  I request that I be exempted from paying social security and Medicare taxes on my earnings from self-employment under Internal Revenue Code section 1401 and from the employer's share of social security and Medicare taxes under Internal Revenue Code section 3111.  I further request exemption from the employee's share of social security and Medicare taxes under Internal Revenue Code section 3101, for my services as an employee whenever I am employed by an employer who has an identical exemption from social security and Medicare taxes. ***I waive all rights to any social security payment or benefit under Titles II and XVIII of the Social Security Act.  I understand and agree that no benefits or other payments of any kind under Titles II and XVIII of the Social Security Act will be paid based on my wages and self-employment income to any other person.  I certify that I have never received benefits or payments under the above titles, nor has anyone else received these benefits based on my earnings.***  I agree to **notify** the Internal Revenue Service within 60 days of any occurrence that results in my **no longer** being a member of the religious group described above, or **no longer** following the established teachings of this group.

(Tr. 55) (emphasis in original).  In April 1998, the Internal Revenue Service (IRS) approved Plaintiff's Form 4029 waiver and exemption.  (Tr. 8, 17, 55.)

On November 25, 2008, Plaintiff filed an application for disability insurance benefits.  (Tr. 14, 30.)  Plaintiff's application was denied initially and upon reconsideration on the basis of insufficient quarters of coverage due to Plaintiff's filing of Form 4029 in 1998.  (Tr. 8, 14, 34-36, 39-43.)  Plaintiff thereafter filed a request for a hearing before an administrative law judge ("ALJ").  (*Id.*)  In April 2011, an ALJ upheld

the determination that Plaintiff was not entitled to RIB. (Tr. 8, 93-97.) The Appeals Council remanded the case because the hearing recording was missing. (Tr. 8, 100-102.)

On August 20, 2013, Plaintiff appeared at a hearing before a second ALJ. (Tr. 8, 14, 135-148.) On August 30, 2013, the ALJ issued a decision finding that Plaintiff was entitled to RIB under section 202(a) of the Act. (Tr. 14-18.) The ALJ concluded that the Form 4029 Plaintiff signed in 1998 is not clear as to the retroactive nature of waiving retirement insurance benefits earned *prior* to the date the exemption/waiver became effective. (Tr. 18.) According to the ALJ, the Form does not explicitly state that the applicant is waiving benefits earned *prior to* applying for the exemption/waiver, and therefore the Form is vague and ambiguous. (*Id.*) The ALJ further concluded that during the years after Plaintiff signed the Form, the government sent him a yearly statement showing that he was entitled to benefits, and therefore the government is now estopped from asserting the contrary. (Tr. 17-18.)

On its own motion, the Appeals Council reviewed the ALJ's decision. In a decision dated February 20, 2014, the Appeals Council did not adopt the ALJ's findings or conclusions regarding the impact of Form 4029 on Plaintiff's entitlement to RIB. (Tr. 4-9.) Instead, the Appeals Council found that the Form was clear and unambiguous in providing that Plaintiff waived *all* right to social security benefits, and that the ALJ's decision contained an error of law in finding to the contrary. (Tr. 8.) The Appeals Council's decision became the final decision of the Commissioner.

On April 16, 2014, Plaintiff filed his complaint to challenge the Commissioner's final decision. (Doc. No. 1.) The parties have completed briefing in this matter. (Doc.

Nos. 13, 15.)  Plaintiff argues that the Appeals Council's decision is contrary to law, and he requests that the Court re-instate the August 30, 2013, decision of the ALJ.

## II.  STANDARD OF REVIEW

Generally, judicial review of the Commissioner's decision is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards.  *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010).  Here, however, Plaintiff does not challenge any findings of fact, but rather argues that the Appeals Council erred as a matter of law.  Accordingly, the Court reviews the Commissioner's decision *de novo*.  *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (the Court reviews questions of law *de novo*); *see also Yoder v. Barnhart*, 56 F. App'x 728, 729 (7th Cir. 2003) ("[B]ecause [Plaintiff] does not challenge any findings of fact, but rather argues that the Appeals Council and the district court erred as a matter of law, we review the grant of summary judgment *de novo*.")

## III.  LAW & ANALYSIS

The main issue before the Court is whether quarters of coverage earned prior to executing a Form 4029 exemption/waiver may be counted toward determining whether a claimant is entitled to benefits under Title II or Title XVIII of the Act.  Plaintiff claims that between 1964 and 1997, he earned 93 quarters of coverage for purposes of satisfying the Act, and the Form 4029 exemption/waiver he signed in 1998 did not waive his future entitlement to receive retirement insurance benefits based upon quarters of coverage earned prior to 1998.  The Commissioner responds that Plaintiff is not entitled to any benefits based on any income that he earned before he filed the

exemption/waiver in 1998, and the Appeals Council properly applied the law and regulations in making this determination.

Section 202 of the Act states that any individual who files a waiver (such as the one Plaintiff filed in this case) shall not be entitled to any payments or benefits after the date the waiver is filed and accepted by the IRS. *See* 42 U.S.C.A. 402(v)(1). The Act provides that a claimant who was granted an exemption may be covered under the Act for wages earned *after* the exemption from taxes ceases to be effective, which occurs when either the employer or employee no longer meets religious requirements. 42 U.S.C.A. 402(v)(3); 20 C.F.R. 404.1039(e) ("If the tax exemption ceases to be effective, the waiver of the right to receive Social Security and Medicare Part A benefits will also no longer be effective. Benefits may be payable based upon the wages of the individual, whose exempt status was terminated, for and after the calendar year following the calendar year in which the event occurred upon which the cessation of the exemption is based.")

In finding that Plaintiff was entitled to RIB, the ALJ determined that Form 4029 is ambiguous, because the form is not clear as to whether the waiver of insurance benefits applies to benefits earned prior to the execution of the exemption/waiver. (Tr. 18.) Under the tenet that any ambiguities in the law must be construed against the government, the ALJ found that the Form 4029 exemption was prospective in nature and applied only to those years following Plaintiff's application. (*Id.*) Thus, the ALJ concluded that because Plaintiff obtained well over 40 quarters of coverage prior to

5

executing the exemption/waiver in 1998, he is entitled to RIB.[1] (Tr. 18.) The Appeals Council found that the ALJ's decision contains an error of law and that Plaintiff is not entitled to any benefits under the Act. In its decision, the Appeals Council concluded that Form 4029 clearly and unambiguously provides that an individual who is granted a Form 4029 exemption waives his rights to Social Security benefits unless and until the exemption ceases to be effective. (Tr. 8.) The Court agrees with the Appeals Council.

Form 4029 states, without qualification: "***I waive all rights to any social security payment or benefit under Titles II and XVIII of the Social Security Act. I understand and agree that no benefits or other payments of any kind under Titles II and XVIII of the Social Security Act will be paid based on my wages and self-employment income to any other person.***" (Tr. 55) (emphasis in original). This language, bolded and italicized for emphasis on the Form 4029 Plaintiff signed, clearly and unambiguously provides that an applicant who executes the Form waives all rights to receiving Social Security benefits. There is no language that suggests any exception to the waiver of all benefits. Plaintiff has provided no legal support for his interpretation. Indeed, the only legal support Plaintiff cites for his argument that Form 4029 is ambiguous is *Miller v. Chater,* 908 F.Supp. 479 (N.D. Ohio 1995) (Hemann, M.J.), a case which actually supports the Commissioner. In that case, the Court drew precisely

---

[1] To establish entitlement to RIB, a claimant must show that he: (1) is at least age 62 throughout his first month of entitlement; (2) is fully insured; and (3) filed an application for RIB. *See* 42 U.S.C.A. § 402(a). The Act provides that a claimant is "fully insured" if he has earned not less than one quarter of coverage for each calendar year after 1950 or, if later, the year of attaining age 21. *See* 42 U.S.C.A. § 414(a). A worker can earn quarters of coverage by working at a job covered by Social Security. The Act requires a minimum of six and a maximum of 40 quarters of coverage regardless of the worker's date of birth. *Id.*

6

the same conclusion as the Appeals Council did under similar facts. The Court in *Miller* concluded:

> Is it fair to deny benefits to Miller based on his waiver when he paid in the requisite number of quarters from his wages? The answer, based upon [*United States v. Lee*, 455 U.S. 252, 102 S.Ct. 1051, 71 L.Ed.2d 127 (1982)] must be yes. Miller was given an exemption from paying taxes on his self-employment income from 1951 to 1989. He signed a written agreement to forego benefits based upon wages as well as self-employment income. . . . The government kept its part of the agreement, and Miller must keep his.

*Miller*, 908 F.Supp. at 482. Thus, *Miller* does not support Plaintiff's contention that the Form 4029 exemption/waiver is ambiguous. Rather, it supports the Appeals Council's conclusion that Plaintiff unequivocally waived any right to receive RIB notwithstanding the fact that he accumulated sufficient quarters of coverage *before* the exemption/waiver he signed was approved by the IRS.[2]

Plaintiff further contends that he is entitled to benefits under a theory of estoppel because the government sent him a yearly statement showing he was entitled to benefits after he executed Form 4029. The Court disagrees. It was Plaintiff's intent *at the time he executed Form 4029*, as evidenced by his signature on the Form, to "waive all rights to any social security payment or benefit under Titles II and XVII of the Social

---

[2] The Court noted in *Miller* that the plaintiff had received a refund of self-employment taxes paid through the date his Form 4029 was approved by the IRS as well as a prospective waiver of payment. *Miller*, 908 F.Supp. at 480. Plaintiff suggests that he is entitled to the same. He notes that there is no evidence that the government ever refunded him for the 93 quarters of earnings prior to 1998. This allegation, however, even if true, has no bearing on the outcome of Plaintiff's case, as the issue of whether Plaintiff is entitled to a refund from the IRS of taxes he paid prior to the approval of his Form 4029 application is not within the purview of the issues before this Court.

7

Security Act." (Tr. 55.) What Plaintiff may or may not have been led to believe in the years following his execution of Form 4029 is irrelevant to his understanding at the time he executed the waiver.

Finally, as the Appeals Council noted in its decision, authorities interpreting the exemption/waiver have clearly indicated that the waiver applies to benefits earned prior to the approval of an application. The Agency explained that it uses the Program Operations Manual System ("POMS") to interpret the Act and provide procedural guidance. The POMS directly addresses the issue of whether earnings posted *prior* to an approved exemption can be used to determine insured status/eligibility to benefits. The POMS states:

> SSA cannot use earnings (i.e., wages or self-employment) to determine an individual's eligibility to benefits or benefit amount for years that fall within the [exemption/waiver's] effective period; i.e., any earnings posted **prior** to the approved exemption/waiver and **after** the approved exemption/waiver. Only earnings posted **for** and **after** the effective date of a cessation event[3] can be used to determine eligibility to benefits and benefit amount.

POMS RS 1802.270(C)[4] (emphasis in original) (footnote added). Furthermore, as the Appeals Council noted, Social Security Ruling 83-2a recognizes that Form 4029 is in total compliance with Section 202(v) of the Act. *See* S.S.R. 82-2(a) ("Since only earnings reported after a formal termination of the tax exemption may be used to

---

[3] In this case, the "cessation event" would be a revocation of the waiver, *i.e.*, a revocation of the religious exemption. Plaintiff does not contend that he revoked his exemption.

[4] The POMS is available at: https://secure.ssa.gov/apps10/poms.nsf/Home?readform (last visited March 30, 2015).

8

establish quarters of coverage for entitlement to Social Security benefits, the claimant presently has no quarters of coverage and thus is not entitled to [old age insurance benefits].")

Based on the foregoing, the Court concludes that Form 4029 is not ambiguous as to the retroactive nature of waiving retirement benefits already earned.  Accordingly and for the foregoing reasons, Plaintiff has not presented a basis for remand of his case.

### III.  CONCLUSION

For the foregoing reasons, the Magistrate Judge recommends that the Commissioner's final decision be AFFIRMED.

s/ *Nancy A. Vecchiarelli*
U.S. Magistrate Judge

Date: April 17, 2015

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See** *United States v. Walters*, **638 F.2d 947 (6th Cir. 1981)**; *Thomas v. Arn*, **474 U.S. 140 (1985)**, *reh'g denied*, **474 U.S. 1111 (1986).**